IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RONALD E. PROCTOR, JR.,                    :

           Plaintiff,                    :

      v.                                    : Civ. No. 04-864-JJF

TIM MARTIN, C/O P. RODERIGUEZ,    :
C/O D. SCOTT, LT. L. SALAS, C/O
WILLEY, CPL. T. WILLIAMS, and     :
C/O JAMES WOOD,
                              :
           Defendants.
----------------------------------
RONALD E. PROCTOR, JR.,                    :

           Plaintiff,                    :

      v.                                    : Civ. No. 04-946-JJF

C/O PHELPS, and SGT. TOWNSEND,    :

           Defendants                     :
----------------------------------
RONALD E. PROCTOR, JR.,                    :

           Plaintiff,                    :

      v.                                    : Civ. No. 04-1241-JJF

SGT. W. FAUST, C/O JOHN DOE,      :
C/O CONVENTRY, and C/O SHAW,
                              :
           Defendants,
----------------------------------
RONALD E. PROCTOR, JR.,                    :

           Plaintiff,                    :

      v.                                    : Civ. No. 04-1242-JJF

C/O ONEY, C/O WOODS, T. MARTIN,   :
J. P. HARVEY, and DR. BROWN,
                              :
           Defendants,
----------------------------------

```
RONALD E. PROCTOR, JR.,              :

              Plaintiff,             :

         v.                          : Civ. No. 04-1243-JJF

C/O G. COVENTRY, SGT. W. FAUST,      :
LT. SALAS, LT. JOHN DOE I, and
DR. BROWN,                           :

              Defendants.            :
-----------------------------------
RONALD E. PROCTOR, JR,               :

              Plaintiff,             :

         v.                          : Civ. No. 04-1370-JJF

C/O S. MCCAIN, SGT. WALLACE, LT.     :
SEACORD, PARALEGAL BRIAN D.
ENGREM, and CPL. L. M. MERSON,       :

              Defendants.            :
-----------------------------------
```

## MEMORANDUM AND ORDER

Plaintiff Ronald E. Proctor, Jr., SBI #163750, is a pro se litigant who is presently incarcerated at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. Plaintiff has filed these actions pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## I.  PROCEDURAL HISTORY

Plaintiff is a frequent filer, who has accumulated six "strikes" in accordance with the provisions of 28 U.S.C. §

2

1915(g).[1]  As a result, Plaintiff may no longer be granted leave
to proceed in forma pauperis unless, at the time he files the
Complaint, he is in imminent danger of serious physical injury or
death.  Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001).

**A.  Proctor v. Martin, Civ. No. 04-846-JJF**

Plaintiff filed the Complaint in Proctor v. Martin, Civ. No.
04-846, JJF, on July 14, 2004.  (D.I. 2)  On that date, Plaintiff
also filed a Motion to Consolidate his cases.  (D.I.  3)  On
August 19, 2004, Plaintiff filed a "Motion to Amend Clerical
Error."  (D.I. 7)  Plaintiff indicates that Defendant Martin's
first name is spelled "Tim," and requests that the Court amend
the caption to correct the spelling.  (Id.)  The Court construed
this motion as an Amended Complaint pursuant to Fed. R. Civ. Pro.
15(b)(a).  The Clerk of the Court has already amended the caption
of the above referenced complaint.  On August 31, 2004, the Court
granted Plaintiff leave to proceed in forma pauperis in Proctor
v. Martin, Civ. No. 04-846-JJF, D. Del. (filed July 14, 2004),
and ordered Plaintiff to file a certified copy of his prison

---

[1] Plaintiff, while incarcerated, has filed at least six (6)
civil actions that have been dismissed as frivolous, or for
failure to state a claim upon which relief may be granted.  See
Proctor v. Scott, Civ. No. 88-415-MMS (dismissed December 12,
1988); Proctor v. Watson, Civ. No. 88-417-MMS (dismissed December
12, 1988); Proctor v. Haley, Civ. No. 88-418-MMS (dismissed
December 12, 1988); Proctor v. Avanzato, Civ. No. 88-420-MMS
(dismissed December 12, 1988); Proctor v. Gaddis, Civ. No. 88-
421-MMS (dismissed December 12, 1988); and Proctor v. Brasure,
Civ. No. 01-013-JJF (dismissed January 8, 2001).

3

trust account statement within thirty days, or the complaint
would be dismissed.  (D.I. 8)  On October 13, 2004, the Court
dismissed the Complaint because Plaintiff failed to filed the
required documents.  (D.I. 9)  On October 27, 2004, Plaintiff
filed a "Motion to Re-Open Case, and for Temporary Restraining
Order."  (D.I. 10)  Plaintiff also filed a "Motion to Consolidate
Cases, to Stay, [and] to Amend Heading."  (D.I. 11)  Plaintiff
has not filed a certified copy of his prison trust account
statement.

### B.  Proctor v. Phelps, Civ. No. 04-946-JJF

Plaintiff filed the Complaint in Proctor v. Phelps, Civ. No.
04-946-JJF on August 16, 2004.  (D.I. 1)  He requested leave to
proceed in forma pauperis on August 23, 2004.  (D.I. 3)  On
October 15, 2004, the Court denied Plaintiff leave to proceed in
forma pauperis, and ordered him to pay the $150 filing fee within
thirty days, or the Complaint would be dismissed.  (D.I. 6)  On
October 15, 2004, Plaintiff filed a "Motion with Proposed Order
to Consolidate Cases, to Stay, [and] to Amend Heading."  (D.I. 7)
On October 20, 2004, Plaintiff filed an amended Motion to
Consolidate.  (D.I. 8)  On November 22, 2004, Plaintiff filed the
second and third Motions to Consolidate.  (D.I. 11; D.I. 12)
Plaintiff has not paid the $150 filing fee.

### C.  Proctor v. Faust, Civ. No. 04-1241-JJF

Plaintiff filed the Complaint in Proctor v. Faust, Civ. No.

4

04-1241-JJF on September 7, 2004.  (D.I. 2)  On October 15, 2004,
the Court denied Plaintiff leave to proceed in forma pauperis and
ordered him to pay the $150 filing fee within thirty days, or the
Complaint would be dismissed.  (D.I. 4)  On October 15, 2004,
Plaintiff filed a "Motion with Proposed Order to Consolidate
Cases, to Stay, [and] to Amend Heading."  (D.I. 5)  On October
20, 2004, Plaintiff filed an amended Motion to Consolidate.
(D.I. 6)  On November 22, 2004, Plaintiff filed the second and
third Motions to Consolidate.  (D.I. 10; D.I. 11)  Plaintiff has
not paid the $150 filing fee.

   **D.  Proctor v. Oney, Civ. No. 04-1242-JJF**

   Plaintiff filed the Complaint in Proctor v. Oney, Civ. No.
02-1242-JJF on September 7, 2004.  (D.I. 2)  Plaintiff filed the
"Motion to Consolidate Cases, to Stay, [and] to Amend Heading" on
October 15, 2004.  (D.I. 4)  On October 18, 2004, the Court
denied Plaintiff leave to proceed in forma pauperis and ordered
him to pay the $150 filing fee within thirty days, or the
Complaint would be dismissed.  (D.I. 5)  On October 20, 2004,
Plaintiff filed an amended Motion to Consolidate.  (D.I. 6)  On
November 29, 2004, Plaintiff filed a "Motion with Proposed Order
for Relief."  (D.I. 7)  Plaintiff has not paid the $150 filing
fee.

   **E.  Proctor v. Coventry, Civ. No. 04-1243-JJF**

   Plaintiff filed the Complaint in Proctor v. Coventry, Civ.

5

No. 04-1243-JJF on September 7, 2004.  (D.I. 2)  On October 15,
2004, filed the "Motion to Consolidate Cases, to Stay, [and] to
Amend Heading."  (D.I. 4)  On October 18, 2004, the Court granted
Plaintiff leave to proceed in forma pauperis, assessed the $150
filing fee, and ordered him to file an Authorization Form within
thirty days, or the Complaint would be dismissed.  (D.I. 5)  On
October 20, 2004, Plaintiff filed an amended Motion to
Consolidate.  (D.I. 6)  On November 22, 2004, Plaintiff filed the
Authorization Form.  (D.I. 8)  On November 22, 2004, Plaintiff
filed the second and third Motions to Consolidate.  (D.I. 9; D.I.
10)  The Court shall screen this Complaint in accordance with the
provisions of 28 U.S.C. §§ 1915(2)(b)-1915A(b)(1) under a
separate Order.

    **F.  Proctor v. McCain, Civ. No. 04-1370-JJF**

    Finally, Plaintiff has filed Proctor v. McCain, Civ. No. 04-
1370-JJF, D. Del. (filed October 20, 2004), along with an
application to proceed in forma pauperis.  (D.I. 1; D.I. 2)
Plaintiff filed a "Motion to Consolidate Cases" on the same date.
(D.I. 3)

**II.  PLAINTIFF'S ALLEGATIONS**

    **A.  Proctor v. Martin, Civ. No. 04-864-JJF**

    Plaintiff alleges that on July 1, 2004, and July 2, 2004,
Defendant Tim Martin ("Martin") denied him access to the law
library regarding Plaintiff's "Florida Case."  (D.I. 2 at 4)

6

Plaintiff further alleges that on July 2, 2004, he argued with
several Correctional Officers regarding a law library
appointment, and that after the argument, Defendants,
Correctional Officer Woods ("Woods") and Correctional Officer
Jones ("Jones") conducted a "shakedown" of his cell. (Id. at 6-
8)  Plaintiff alleges that Woods and Jones only searched his
belongings, and not his cell mate's. (Id.)  Plaintiff further
alleges that Correctional Officer Scott ("Scott") ordered Woods
and Jones to stop the search, and bring all the inmates on the
tier to the "chow hall." (Id.)  Plaintiff alleges that he told
Defendant Lt. Salas ("Salas") about the "illegal shakedown."
(Id.)

    Plaintiff further alleges that after "chowhall," Woods and
Jones came back on to the tier and yelled, "no rec yet thanks to
Proctor.  We've got to shake down two more cells."   (Id. at 9)
Next, Plaintiff alleges that after the "shakedowns," other
inmates warned him to watch his back. (Id. at 10)  Plaintiff
alleges that he immediately locked himself in his cell and filed
this complaint.

    **B.  Proctor v. Phelps, Civ. NO. 04-946-JJF**

    Plaintiff alleges that on July 27, 2004, Defendants,
Correctional Officer Phelphs ("Phelphs") and Sergeant Townsend
("Townsend") searched his cell during a "shakedown." (D.I. 2 at
3)  Plaintiff further alleges that Phelphs and Townsend

7

deliberately "trashed" his cell during the search, deliberately poured water on his legal documents, and threw some of his personal property in the trash. (Id. at 3-18)

Next, Plaintiff alleges that when he complained about the nature and extent of the search, Phelps told Plaintiff that he would put Plaintiff "in the shower." (Id. at 5) Plaintiff alleges that both Phelps and Townsend ignored his pleas to stop, as well as his request to see Lt. Forbes. (Id. at 11) Plaintiff further alleges that Phelps and Townsend ordered him to lock himself in his cell at the end of the search. (Id. at 12) Finally, Plaintiff alleges that when he refused, Phelps advanced towards him "within striking distance," but did not hit him. (Id.)

### C.  Proctor v. Faust, Civ. No. 04-1241-JJF

Plaintiff alleges that on August 9, 2004, Defendant Sgt. W. Faust ("Faust"), refused to accept two "pay-toos" from Plaintiff, while Plaintiff was on the way to the "chowhall." (D.I. 2 at 3) Plaintiff further alleges that he complained to an unnamed Lieutenant, who was in a "chow-hall." (Id. at 4) However, Plaintiff also alleges that he did not know that his tier was in a different "chow-hall," and as a result, Faust gave him a 24 hour loss of privileges. (Id.) Plaintiff alleges that after he found out were his tier was located, he entered the correct "chowhall." (Id. at 5)

Next, Plaintiff alleges that Faust has him removed from the "chowhall," after talking to Defendant Correctional Officer Shaw ("Shaw"). (Id.) Specifically, Plaintiff alleges that Shaw, told him to "get up" as soon as he sat down to eat. (Id.) Plaintiff further alleges that Shaw removed him from the "chowhall," took him back to the tier, and into the control room. (Id. at 6) Plaintiff also alleges that Defendant Correctional Officer John Doe ("Doe") pulled on Plaintiff's arm and hurt him. (Id. at 7) However, Plaintiff alleges that he managed to free himself from Doe's grip, and locked himself in his cell. (Id.)

**D.  Proctor v. Oney, Civ. No. 04-1242-JJF**

Plaintiff alleges that Defendant, Correctional Officer Woods ("Woods") ordered Defendant Correctional Officer Oney ("Oney"), to close a door while Plaintiff was in the doorway. (D.I. 2 at 3) Plaintiff further alleges that the door slammed on his hand. (Id.) Plaintiff next alleges that he was locked in his cell by the order of Defendant Lt. P. Harvey ("Harvey"). (Id.) Plaintiff alleges that because of the lock-in, he was denied access to the law library. (Id.) Finally, Plaintiff alleges that Woods spoke to him in "a manner that was done to instigate and advance an altercation." (Id. at 4)

**E.  Proctor v. Coventry, Civ. No. 04-1243-JJF**

Plaintiff alleges that since August 9, 2004, the Correctional Officers assigned to the 12-8 shift have "started

9

incidents that are intended to provoke and start altercations."
(D.I. 2 at 3)  Plaintiff alleges that on August 18, 2004, he was
trying to take a grievance off of the tier during the morning
"chowhall," when Defendant Correctional Officer Coventry
("Coventry") accused him of trying to illegally take mail off of
the tier.  (Id.)  Plaintiff asserts that inmates are not allowed
to take mail off of the tier, but must place it in a box in the
control room.  (Id. at 3-4)  Plaintiff alleges that before he
could respond to the allegation, Coventry assaulted him by
slamming him into a fence, and punching him in the chest.  (Id.)
Plaintiff further alleges that Defendant Correctional Officer
Faust ("Faust") also struck him.  (Id. at 5)

     **F.  Proctor v. McCain, Civ. No. 04-1370-JJF**

Plaintiff filed this Complaint on October 20, 2004, and has
requested leave to proceed in forma pauperis.  Plaintiff alleges
that on May 9, 2004, Defendant Correctional Officer S. McCain
("McCain"), violated his constitutional rights by using excessive
force against him during a "shakedown" of his cell.  (D.I. 2 at
3-6)  Plaintiff further alleges that McCain's actions are a
"retaliatory nexus to access to the courts [sic]."  (Id. at 6)
Plaintiff also alleges that Defendant Brain Engrem ("Engrem") has
violated his constitutional rights by denying him access to the
courts.  (Id. at 3)  Plaintiff further alleges that Engrem is the
source behind the "illegal shakedowns" of his cell.  (Id.)

Plaintiff next alleges that he was initially denied medical treatment by Defendants, First Correctional Medical Inc., Dr. Brown ("Brown"), and Brenda Holwerda ("Holwerda"), after the assault. (Id. at 4-6) However, Plaintiff also alleges that he was hospitalized for six days as a result of his injuries incurred from the assault. (Id. at 4-5)

## III. DISCUSSION

### A. Consolidation

Federal Rule of Civil Procedure 42 provides for consolidation "[w]hen actions involv[e] a common question of law or fact ... to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). "District courts have the inherent authority to order consolidation sua sponte." Plimpton v. Cooper, 141 F.Supp.2d 573, 575 (W.D. N.C. 2001)(citing Pickle v. Char Lee Seafood, Inc., 174 F.3d 444 (4th Cir. 1999)). Plaintiff argues that his Complaints concern common questions of law and fact. He also argues that consolidation will save the Court time and money.

Although some of the Complaints concern incidents where Plaintiff's cell has been subject to "shakedown" searches by Correctional Officers, that does not necessarily mean his Complaints concern a common question of law or fact. It is clear that the "shakedowns" occurred over a period of several months. It is also clear that on several occasions, Plaintiff has had confrontations with Correctional Officers regarding both

11

"shakedown" searches and his access to the law library.  However, other than Plaintiff's bare assertion that Engrem is the source of all his woes, nothing in the Complaints indicates that these cases concern a common question of law or fact.

Even though he is aware that he has "three strikes" under the Prisoner Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(g), Plaintiff has freely chosen to file this current series of Complaints.  Consolidating these cases would improperly circumvent the express language and intent of the PLRA.  See Shephard v. Edwards, No. C2-01-563, 2001 WL 1681145 (S.D. Oh. Aug. 30, 2001).  Consequently, the Court shall deny Plaintiff's Motions to Consolidate these cases.

**B.  Motion to Reopen**

The Court granted Plaintiff leave to proceed in forma pauperis in Proctor v. Martin, Civ. No. 04-864-JJF.  Despite the Court's Order, Plaintiff failed to file the required certified copy of his prison trust account statement.  Consequently, the Court dismissed the Complaint without prejudice.   Although Plaintiff has continued to file numerous Complaints, to date, he has not filed the required certified copy of his prison trust account statement.  Therefore, the Court shall deny his Motion to Reopen this case.  Furthermore, because Plaintiff has failed to pay the required $150 filing fee, the Court shall dismiss the Plaintiff's Complaints in the following cases:  Proctor v.

12

Phelps, Civ. No. 04-946-JJF, Proctor v. Faust, 04-1241-JJF and
Proctor v. Oney, 04-1241-JJF.

### C.  Motion for Leave to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(g), a prisoner cannot bring a new
civil action or appeal a judgment in a civil action in forma
pauperis if he or she has three or more times in the past, while
incarcerated, brought a civil action or appeal in federal court
that was dismissed because it was frivolous, malicious, or failed
to state a claim upon which relief may be granted.  The only
exception to this is if the prisoner is in imminent danger of
serious physical injury.  A prisoner who is not proceeding in
forma pauperis may file a new civil action or appeal even if that
prisoner has three or more dismissals described in 28 U.S.C.
1915(g).

According to Plaintiff, McCain conducted a "shakedown" of
his cell in May 2004.  (D.I. 2 at 3)  During the "shakedown,"
Plaintiff was assaulted by McCain, resulting in serious injury
which required six days of hospitalization.  (Id. At 10)  Yet,
Plaintiff, who is barred by the PLRA from filing in forma
pauperis unless he is in imminent danger of serious physical
injury or death *at the time he files the complaint*, waited *six
months* to file this Complaint with the Court.  See supra fn. 1;
See also Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir.
2001)(*emphasis added*).

13

Clearly, Plaintiff's Complaint in Proctor v. McCain, Civ.
No. 04-1370-JJF, does not meet that standard.  Consequently,
Plaintiff's Motion for Leave to Proceed In Forma Pauperis shall
be denied.  However, Plaintiff, shall be given thirty (30) days
from the date this Memorandum and Order is sent to pay the
$150.00 filing fee.  If Plaintiff does not pay the filing fee
within that time, the Complaint shall be dismissed pursuant to 28
U.S.C. § 1915(g).

THEREFORE, at Wilmington this 29 day of June ,
2005, IT IS ORDERED that:

1.  Plaintiff's "Motion to Amend Clerical Error" (D.I.
7) in Proctor v. Martin, Civ. No. 04-864-JJF, is MOOT.

2.  Plaintiff's "Motion to Reopen Case, and for
Temporary Restraining Order" (D.I. 10) in Proctor v. Martin, Civ.
NO. 04-864-JJF is DENIED.

3.  Plaintiff's Motions to Consolidate in the following
cases are DENIED:  Proctor v. Martin, Civ. NO. 04-864-JJF  (D.I.
3); Proctor v. Phelps, Civ. No. 04-946-JJF (D.I. 7); Proctor v.
Faust, Civ. No. 04-1241-JJF (D.I. 5); Proctor v. Oney, Civ. No.
04-1242-JJF (D.I. 4); Proctor v. Coventry, Civ. No. 04-1243-JJf
(D.I. 4), and Proctor v. McCain, Civ No. 04-1370-JJF (D.I. 3).

4.  Plaintiff's remaining Motions to Consolidate the
following cases are MOOT:  Proctor v. Martin, Civ. NO. 04-864-JJF
(D.I. 11; D.I. 14; D.I. 15); Proctor v. Phelps, Civ. No. 04-946-

14

JJF (D.I. 8; D.I. 11; D.I. 12); <u>Proctor v. Faust</u>, Civ. No. 04-
1241-JJF (D.I. 6; D.I. 9; D.I. 10; D.I. 11); <u>Proctor v. Oney</u>,
Civ. No. 04-1242-JJF (D.I. 6; D.I.7); and <u>Proctor v. Coventry</u>,
Civ. No. 04-1243-JJF (D.I. 6; D.I. 9; D.I. 10).

     5.   Plaintiff's Complaint in <u>Proctor v. Phelps</u>, Civ.
No. 04-946-JJF is DISMISSED without prejudice for failure to pay
the $150 filing fee.

     6.   Plaintiff's Complaint in <u>Proctor v. Faust</u>, Civ. No.
04-1241-JJF is DISMISSED without prejudice for failure to pay the
$150 filing fee.

     7.   Plaintiff's Complaint in <u>Proctor v. Oney</u>, Civ. No.
04-1242-JJF is DISMISSED without prejudice for failure to pay the
$150 filing fee.

     8.   Plaintiff's Motion to Proceed <u>In Forma Pauperis</u> in
<u>Proctor v. McCain</u>, Civ No. 04-1370-JJF is DENIED.  Plaintiff
shall pay the $150 filing fee within thirty days from the date
this order is sent, or the Complaint shall be dismissed.

DATED: 6/29/05

_____
United States District Judge